THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARR INDEMNITY AND LIABILITY CO., | CASE NO. C18-0647-JCC |
| Plaintiff, | ORDER |
| v. | |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for attorney fees and costs (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.  BACKGROUND

Plaintiff is a subrogated insurer that paid a cargo damage claim to its insured, Honeywell Turbo Technologies (India) Pvt. Ltd., for a shipment of turbochargers that was destroyed during an overland shipment originating in India, but ultimately bound for France via ocean liner. (Dkt. Nos. 1, 31 at 1.) Prior to filing this lawsuit, Plaintiff sought to recover the insurance payment from Defendant Expeditors International of Washington, Inc. as the apparent carrier of the turbochargers, based on the terms of a draft Sea Waybill (the "Sea Waybill") that had been

created by an employee of either Defendant or one of its subsidiaries. (*See* Dkt. Nos. 31 at 68–69, 19 at 2–3, 18 at 2.) The Sea Waybill is titled "Expeditors International Ocean Sea Waybill," lists the shipper, intermediate receiver, and final receiver, and describes the relevant cargo. (Dkt. No. 31 at 68.) The Sea Waybill lists the forwarding agent as "Expeditors International (I) PVT," designates the carrier as "Expeditors International Ocean," and specifies that the "terms and condition of service" are available at "www.expeditors.com." (*Id*.)

An adjustor for a third-party recovery agent, working on behalf of Plaintiff, attempted to settle the damage claim with Defendant. (Dkt. No. 32 at 1.) During negotiations, Defendant agreed to extend the one-year time bar for bringing a lawsuit under the relevant contract and made an offer to settle the claim. (*Id*. at 1–2, 5.) Defendant also provided the draft Sea Waybill to Plaintiff's settlement agent during negotiations. (*See* Dkt. No. 18 at 2.) After settlement negotiations failed, Plaintiff filed this complaint in admiralty on May 3, 2018. (Dkt. No. 1.) The complaint alleged a breach of contract claim premised on the draft Sea Waybill (*See id.* at 1, 5.) Defendant appeared in this action, but never filed an answer to the complaint. (*See* Dkt. No. 6.) The parties engaged in discovery, and filed two stipulations to extend various case management deadlines. (*See* Dkt. Nos. 13, 15, 31 at 50–58.) During discovery, Defendant represented to Plaintiff that the relevant transaction was governed by a Global Airfreight and Ocean Freight Forwarding Services Agreement, to which Defendant was a signatory. (Dkt. No. 31 at 3.)

On April 4, 2019, almost one year after the lawsuit was filed, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Dkt. No. 17.) Defendant argued, among other things, that the Court lacked subject matter jurisdiction and that Defendant was not contractually liable. (*Id*. at 9–12.) Defendant asserted that the draft Sea Waybill did not govern the shipment at issue, that the controlling contract did not apply to the damaged goods, and that the goods had been damaged before Defendant's subsidiary ever received them. (*See id*.)

Plaintiff did not file a response to Defendant's motion for summary judgment, and the parties eventually filed a stipulation and proposed order of dismissal. (*See* Dkt. No. 23.) After the

Court entered the parties' stipulation and dismissed Plaintiff's claims with prejudice, Defendant filed the present motion for attorney fees and expenses, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Revised Code of Washington § 4.84.185. (Dkt. No. 26.) Defendant argues that Plaintiff's lawsuit was frivolous because Plaintiff "failed to properly evaluate the merits of its case, both prior to and after filing the suit when [defense] counsel raised concerns about this Court's lack of jurisdiction and the substantive unviability of plaintiff's claims." (*Id*. at 1.)

## II. DISCUSSION

### A. Legal Standard

Parties are typically required to bear their own attorney fees, unless a statute or court order provides otherwise. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001); Fed. R. Civ. P. 54(d)(2). Under Washington law, a court may require a nonprevailing party to pay the prevailing party's reasonable expenses, including attorney fees, if the court finds that the action "was frivolous and advanced without reasonable cause." Wash. Rev. Code § 4.84.185; *Biggs v. Vail*, 830 P.2d 350, 352 (Wash. 1992) ("The lawsuit or defense, *in its entirety*, must be determined to be frivolous and to have been advanced without reasonable cause before an award of attorneys' fees may be made pursuant to the frivolous lawsuit statute."). "A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." *Tiger Oil Corp. v. Dep't of Licensing*, 946 P.2d 1235, 1241 (Wash. Ct. App. 1997) (collecting cases). The decision to award attorney fees for a frivolous lawsuit is within the trial court's discretion. *Rhinehard v. Seattle Times*, 798 P.2d 1155, 1160 (Wash. Ct. App. 1990).

### B. Defendant's Motion for Attorney Fees and Costs

An award of attorney fees and expenses to Defendant is not warranted in this case because the relevant facts and procedural history demonstrate that Plaintiff had reasonable cause to file this lawsuit. It is undisputed that prior to initiating this action, Defendant provided

Plaintiff's settlement agent with a copy of the draft Sea Waybill that was the basis for Plaintiff's claim against Defendant. (*See* Dkt. No. 18 at 2.) The information in the Sea Waybill—as well as the terms and conditions which apply to that document contained on Defendant's website— provided a reasonable basis for Plaintiff to believe that it had a claim against Defendant or its subsidiaries as the carrier for the damaged cargo. (*See* Dkt. No. 31 at 10, 68.) The Sea Waybill refers to Defendant's subsidiary as the "carrier," a term which Defendant uses in its Sea Waybills to mean "Expeditors International of Washington, Inc. and its subsidiaries." (*Id*.) Moreover, the Sea Waybill provided Plaintiff with a reasonable basis to believe that this Court could exercise general maritime jurisdiction over the claim because the document represented a maritime contract.[1] (*See* Dkt. No. 31 at 68); *see Norfolk Southern Ry. Co. v. Kirby*, 543 U.S. 14, 16 (2004) (explaining that maritime jurisdiction can be based on contracts involving land-based intermodal transportation). That further discovery may have ultimately revealed that Defendant was not the actual carrier of the shipment or contractually liable for the damaged goods does not mean that Plaintiff did not have reasonable cause to file the lawsuit.

The Court also notes that Defendant's litigation conduct supports the conclusion that Plaintiff had a reasonable basis to file this lawsuit. Prior to the lawsuit, Defendant made a settlement offer to Plaintiff's third-party agent. (Dkt. No. 33 at 5.) After Plaintiff initiated this lawsuit, Defendant did not file an answer, and instead participated in discovery and filed two stipulations to modify the Court's scheduling order. (*See generally* Dkt. No. 31.) Defendant did not even move for summary judgment until almost a year after the lawsuit was filed and it had conducted fact discovery. Nor has Defendant provided any evidence that Plaintiff filed this suit in bad faith, or that its litigation conduct has been vexatious or harassing. Under all of the circumstances, the Court concludes that an award of attorney fees and expenses is unwarranted.

---

[1] The terms and conditions governing the Sea Waybill found on Defendant's website also include a choice of venue provision under which Defendant consents to defend against any claim in either the U.S. District Court in the Western District of Washington or King County Superior Court. (*See* Dkt. No. 31 at 26.)

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for attorney fees and costs (Dkt. No. 26) is DENIED

DATED this 5th day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE